| | | |
|---|---|---|
| TOMMY KEATING AND LISA KEATING | * | NO. 2023-CA-0232 |
| | * | COURT OF APPEAL |
| VERSUS | | |
| | * | FOURTH CIRCUIT |
| LEE MILLER AND FAMILY SECURITY INSURANCE COMPANY | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-09129, DIVISION "B"
Honorable Richard G. Perque, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)

**BELSOME, J., DISSENTS WITH REASONS**

Jason R. Bell
SWLA INJURY ATTORNEYS, LLC
949 Ryan Street, Ste. 130
Lake Charles, LA 70601

    COUNSEL FOR PLAINTIFF/APPELLANT


Jacquelyn D. Cook
James H. Gibson
GIBSON LAW PARTNERS, LLC
2448 Johnston Street
Lafayette, LA 70503

COUNSEL FOR DEFENDANT/APPELLEE

                                    **AFFIRMED**
                             **DECEMBER 8, 2023**

SCJ
TGC

Tommy and Lisa Keating ("the Keatings") appeal the trial court's January 31, 2023 judgment granting Lee Miller and Family Security Insurance Company's ("Lee Miller") peremptory exception of prescription. For the reasons assigned, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL BACKGROUND

This action arises from the alleged malpractice of an insurance agent, which was discovered by the Keatings on October 14, 2020. On August 26, 2021, Governor John Bel Edwards declared a state of emergency due to Hurricane Ida. The Supreme Court, acting under the authority of La. C.C. art. 3472.1 and La. C.C.P. art. 562, issued an order that provided "[a]ll prescriptive and peremptive periods are hereby suspended statewide for a period of thirty days commencing from the Governor's August 26, 2021 declaration of state of emergency."

On November 9, 2021, the Keatings filed a petition for damages against Lee Miller, alleging Hurricane Laura caused extensive damage to their fence and that Lee Miller breached his duties by failing to obtain the requested coverage on the

1

fence. Thereafter, Lee Miller filed a peremptory exception of prescription, arguing that the suit is barred by La. R.S. 9:5606.[1]

On January 20, 2023, the trial court held a hearing on the exception. On January 31, 2023, the trial court signed the judgment granting the exception of prescription and dismissing the Keatings' claims with prejudice. On February 9, 2023, the Keatings filed a motion for suspensive appeal. This appeal follows.

## DISCUSSION

### *Standard of Review*

An appellate court's standard of review of a trial court's ruling on a peremptory exception of prescriptions turns on whether evidence is introduced. *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 2017-0413, p. 7 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800 (citing *State v. Thompson*, 2016-0409, p. 18 (La. App. 4 Cir. 11/23/16), 204 So.3d 1019, 1031). When no evidence is introduced, a *de novo* standard applies to determine whether the trial court's decision was legally correct. *Wright v. State on Behalf of Alleyn*, 2019-0499, p. 3 (La. App. 4 Cir. 8/5/20), 364 So. 3d 312, 315 (citing *Wells Fargo Fin. Louisiana, Inc.*, 2017-0413, p. 8, 231 So.3d at 800). "[I]n this context, 'the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true.'" Conversely, when evidence is introduced, manifestly erroneous standard of review applies. *Id.*

---

[1] La. R.S. 9:5606(A) provides in pertinent part "[n]o action for damages against any insurance agent…or other similar licensee under this state, whether based upon tort, or breach of contract… arising out of an engagement to provide insurance services shall be brought unless filed…within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered…However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect."

***Prescription and the Governor's Suspension Order***

The Keatings argue that the trial court erred by failing to strictly construe the language of La. C.C. art 3472.1 in favor of a timely claim when their suit was suspended for thirty days, filed prior to accrual and filed within the sixty-day deadline set by the article. In the alternative, the Keatings argue that the trial court erred in retroactively applying the revisions of La. C.C. art. 3472.1, effective August 1, 2022, to the case.[2]

La. C.C. art. 3472.1, effective June 25, 2020 to July 31, 2022 provides:

A. Notwithstanding any other provisions of the law, in the event the governor declares a state of emergency or disaster pursuant to R.S. 29:721 through 772, the Supreme Court of Louisiana may enter an order or series of orders as deemed necessary and appropriate to suspend all prescriptive and peremptive periods for a period of time not to exceed ninety days. Thereafter, should the need for continuing suspension be necessary to preserve access to the courts, the governor may issue executive orders as deemed appropriate. The period of suspension authorized by the provisions of this Article shall terminate upon the earlier of an order of the Supreme Court of Louisiana or upon termination of the declared state of disaster or emergency. Nothing in this Article limits the authority of the governor or the legislature to act in accordance with its authority.

B. The right to file any pleading subject to the suspension as provided by Paragraph A of this Article shall terminate sixty days after the termination of the suspension as provided by Paragraph A of this Article.

In *Peralez v. HDI Glob. Specialty SE*, 2022-343, (La. App. 3 Cir. 11/9/22), 353 So.3d 235, the Third Circuit analyzed La. C.C. art. 3472.1:

The article permits the [S]upreme [C]ourt to suspend prescriptive and peremptive periods up to ninety days following a state of emergency or disaster declaration. The right to file pursuant to this suspension,

---

[2] The Keatings assert two assignments of error: 1) the trial court committed legal error by failing to apply the plain language of La. C.C. art. 3472.1, which must be strictly construed in favor of a timely claim, when plaintiffs' suit was suspended for thirty days, filed before accrual, and filed within the sixty-day deadline plainly set by the article; and 2) the trial court erred in retroactively applying the revisions to Article 3472.1 to the case, when the legislature intended for the revisions to apply prospectively, and a retroactive application divests the plaintiffs of a vested right in violation of the constitution.

however, terminates sixty days after the suspension. Paragraph B clearly limits the effect of the power set forth in Paragraph A. Article 3472.1 does not attach additional time to Plaintiff's running of prescription. . .

*Id.* at p. 14, 353 So.3d at 243.

In *Robinson v. State Farm Mut. Aut. Ins. Co.*, 2022-0726 (La. App. 4 Cir. 6/20/23), 368 So.3d 1143, this Court addressed a similar prescription matter. The *Robinson* plaintiff filed a petition on May 18, 2022, alleging damages from an automobile accident that occurred on April 26, 2021. *Robinson*, 2022-0726, p. 1, 368 So.3d at 1144. The defendants filed a peremptory exception of prescription, and the *Robinson* plaintiff opposed, arguing that the Supreme Court suspended prescription as a result of the Governor's emergency order. The trial court granted the peremptory exception of prescription.

In reviewing La. C.C art. 3472.1 and the Supreme Court Order, this Court explained:

[T]he Supreme Court Order provided that all prescriptive and peremptive periods were suspended for a period of thirty days commencing from the Governor's August 26, 2021 declaration of state of emergency, which would be until September 24, 2021.[3] The right to file any pleading pursuant to the suspension terminated on November 24, 2021.

…the Supreme Court Order did not preserve [Plaintiff's] claims nor did it add time to her prescriptive period. [Plaintiff's] claims prescribed on April 26, 2022; and she filed her petition on May 18, 2022, more than one year after the alleged accident. Therefore, we do not find that the trial court erred in granting the defendants' exception of prescription and dismissing [Plaintiff's] claims with prejudice.

*Robinson*, 2022-0726, pp.7-8, 368 So.3d at 1148.

In the instant matter, the Keatings' claims did not prescribe within the thirty-day emergency suspension period that commenced on August 26, 2021. The

---

[3] Executive Proclamation Order 170 JBE 2021, dated September 6, 2021, amended Executive Proclamation Order 165 JBE 2021.

Keatings' claims prescribed on October 14, 2021, and their petition was filed on November 9, 2021. We find that the emergency suspension order did not attach additional time to the Keatings' running of prescription on their claim. Accordingly, the trial court did not err in granting the exception of prescription and dismissing the Keatings' claims with prejudice.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's January 31, 2023 judgment granting the peremptory exception of prescription, and dismissing the Keatings' claims with prejudice.

**AFFIRMED**